UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOBAL RETAIL ENTERPRISES, INC.,

        Plaintiff,

vs.                        Case No. 2:06-cv-327-FtM-99DNF

PERSONALIZED PRODUCTS, LLC,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Temporary Injunction (Doc. #3), filed on July 3, 2006, and construed as a motion for a preliminary injunction. Defendant filed a Memorandum of Law In Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. #10) on July 18, 2006, and several Affidavits (Docs. #5, 11, 12) were filed.

On July 3, 2006, the Court entered an Order to Show Cause (Doc. #8) directing defendant, as the removing party, to demonstrate the basis for its claim of a jurisdictional amount for diversity jurisdiction. The Court also construed the request for a temporary injunction as one for a preliminary injunction and took the motion under advisement pending a response. Defendant filed its Memorandum of Law in Support of Removal (Doc. #9) on July 14, 2006. The Court is satisfied with defendant's showing, and therefore will take no further action concerning jurisdiction.

In the Eleventh Circuit the issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001), reh'g and reh'g en banc denied, 275 F.3d 58 (11th Cir. 2001); see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest.  Four Seasons Hotels & Resorts, 320 F.3d at 1210; Suntrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Pub'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995).  The burden of persuasion for each of the four requirements is upon the movant.  Siegel v. Lenore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

The Court concludes that plaintiff has not established a substantial threat of irreparable injury if the preliminary injunction is denied because the damages sought can readily be calculated.  Additionally, the Court finds that plaintiff has not

established a substantial likelihood of success on the merits as to the request for a gag order on defendant and its employees and officers.  Finally, the Court does not find that plaintiff has established a <u>substantial</u> likelihood of success on the merits as to the existence of the contract(s) such that the other relief could be ordered in a preliminary injunction.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Temporary Injunction (Doc. #3), construed as a request for preliminary injunction, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record